IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 1, 2015

## STATE OF TENNESSEE v. JOHN TRAION DAVIS

**Appeal from the Circuit Court for Lauderdale County
Nos. 7625, 7626    Joe H. Walker, III, Judge**

_____

**No. W2015-00275-CCA-R3-CD  -  Filed November 24, 2015**

_____

JAMES CURWOOD WITT, JR., J., dissenting.

Reluctantly and respectfully, I dissent from the majority opinion in this case. The Tennessee Rule of Criminal Procedure 36.1 movant in this case *stated* a colorable claim to relief, and based upon the current wording of the rule, that is all that is required. *See* Tenn. R. Crim. P. 36.1(b).

I have examined the trial court record of both cases, and the majority accurately states the sequence of offenses and arrests in this case so far as the same appears in the existing record. Based upon that review, it is extremely unlikely if not practically impossible that the defendant committed the March 14, 2004 offense in case number 7625 while on bail for the November 22, 2003 offense in case number 7626. The problem, however, is that in examining the record, this court is necessarily gleaning *factual* information from the arrest warrants. *See* Tenn. R. App. P. 13(c); *see also, e.g.*, *Tony Hoover v. Henry Steward, Warden*, No. W2011-02453-CCA-R3-HC (Tenn. Crim. App., Jackson, Jan. 18, 2013) (noting that "this Court does not serve as a fact-finding court"); *Arthur Turner v. David Mills, Warden*, No. E2009-00194-CCA-R3-HC (Tenn. Crim. App., Knoxville, May 13, 2010) (same); *Perry Anthony Cribbs v. State*, No. W2006-01381-CCA-R3-PD (Tenn. Crim. App., Jackson, July 1, 2009) (same); *State v. Willie Andrew Cole*, No. 01C01-9801-CR-00006 (Tenn. Crim. App., Nashville, Mar. 2, 1999) (same). The statement of a colorable claim, however, by definition hypothesizes errors in the facts as shown in the record.

Rule 36.1 does not require the movant to initially present documentation supporting his or her claim to an illegal sentence. *See, e.g.*, *George William Brady v. State*, No. E2013-00792-CCA-R3-PC, slip op. at 8 (Tenn. Crim. App., Knoxville, Dec. 19, 2013); *State v. Brandon Rollen*, No. W2012-01513-CCA-R3-CD, slip op. at 13 (Tenn. Crim. App.,

Nashville, Sept. 11, 2013).  Without that requirement, the mere allegation of a colorable claim stands alone as the key to obtaining a hearing on the claim.

I take no pleasure at all in yielding to the extremely broad and liberal wording of Rule 36.1.  In my view, the rule is ill-conceived and accomplishes nothing worthwhile that the pre-existing remedies of post-conviction relief and habeas corpus do not afford the illegally sentenced defendant.  (The rule does afford the State a mechanism for correcting an illegal sentence.)  That said, it is a rule of procedure that an intermediate appellate court is bound to follow according to its terms, as broad and liberal as they may be.  *See Seiber v. Reeves Logging*, 284 S.W.3d 294, 301 (Tenn. 2009) ("[S]tatutes whose terms are plain and unambiguous require no construction and should be enforced according to their plain terms.").  For this reason, I would order the trial court to conduct an evidentiary hearing in the case.

_____
JAMES CURWOOD WITT, JR.